# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PAUL STEELMAN, LTD.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, *et al*.,

    Defendants.

Case No. 2:08-cv-1359-LDG (RJJ)

**ORDER**

    Westchester Surplus Lines Insurance Company ("Westchester") has filed two motions (##27, 49) asking the court to reconsider the September 28, 2009, decision granting Paul Steelman, Ltd.'s ("Steelman") motion for partial summary judgment and to vacate the resulting order granting partial summary judgment.  Steelman has opposed both motions (##30, 40, 55, 56) and Westchester has filed its replies (##33, 42, 57).

    This court may revise any interlocutory order at any time prior to the entry of final judgment.  Fed. Rule Civ. Pro. 54(b); *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 464 (9th Cir.1989).  Generally a court will not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc*., 275 F.3d 762, 766 (9th Cir.2001); *United States v. Cuddy*, 147

1  F.3d 1111, 1114 (9th Cir.1998).  However, a court has discretion to do so when the moving

2  party shows: 1) an intervening change in the law; 2) additional evidence that was not

3  previously available; or 3) that the prior decision was based on clear error or would work

4  manifest injustice.  *See Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369

5  n. 5 (9th Cir.1989).

6          In its second motion for reconsideration, Westchester asserts that, subsequent to

7  the court's order, it received a document, an Affidavit of Service, showing that the

8  Mashantucket Pequot Tribal Nation's claim against Steelman was first made on January 4,

9  2007, rather than January 5, 2007.  Steelman responds that (a) this additional evidence

10  does not alter the court's prior analysis; (b) does not raise a genuine issue of fact; and (c)

11  that Westchester should have discovered this document as it is a publicly filed document in

12  the Nation's litigation against Steelman.

13          Fundamental to the court's prior analysis was its ruling that, pursuant to the terms of

14  the insurance policy, a claim is "first made against an Insured" when it is made against (a)

15  the insured, or (b) an agent of the insured who has authority to provide written notice of the

16  claim to the insurer.  The court held that the Nation's claim was first made against

17  Steelman when its counsel, Corby Arnold, "first received and became aware of the

18  [Nation's] complaint."  The court found that this event occurred on January 5, 2007.

19          Even without consideration of the additional evidence submitted by Westchester, a

20  review of the evidence submitted by Steelman submitted in support of its motion for partial

21  summary judgment reveals that this finding was clearly erroneous.  Steelman's evidence

22  consisted solely of (a) the affidavit of Arnold, and (b) a single-page document attached to

23  the affidavit: the "Service of Process Transmittal."  The contents of the Transmittal

24  indicates that the Nation's complaint was served on Steelman's statutory agent on January

25  3, 2007, that it was sent to Arnold "via Fed Ex 2 Day," and that it was "RECEIVED JAN - 5,"

26  with 2007 handwritten immediately after the stamp.  In his affidavit, Arnold averred "[t]hat

1   on January 5, 2007, [he] received a Service of Process Transmittal from [Steelman's

2   statutory agent]." Arnold further averred that he "first became aware that Steelman's

3   statutory agent for service of process in Connecticut had been served with the Summons

4   and Complaint by reviewing the transmittal. . . ."

5          This evidence would support a finding that, on January 5, 2007, Arnold first received

6   the Transmittal. The evidence would also support a finding that, on January 5, 2007,

7   Arnold first became aware that the Nation's complaint had been served on Steelman's

8   statutory agent. Such findings, however, are irrelevant as to when Arnold first received and

9   was first made aware of the Nation's complaint against Steelman. That Arnold first

10  received the transmittal is irrelevant as to when he first received the complaint. That Arnold

11  first learned, on January 5, 2007, that the statutory agent had been served is irrelevant as

12  to when he first became aware of the complaint against Steelman. Rather, a review of the

13  evidence establishes that Steelman failed to offer any evidence as to when Arnold first

14  received the complaint (rather than the transmittal) and first became aware of the complaint

15  (rather than its service on the statutory agent). Accordingly, the court's finding that this

16  occurred on January 5, 2007, was clearly erroneous and requires that the court vacate the

17  order granting partial summary judgment in favor of Steelman.

18         The court's determination that its prior order must be vacated is bolstered by the

19  evidence submitted by Westchester: a Process of Service filed in the underlying

20  proceeding by the Nation against Steelman. Construed in the light most favorable to

21  Westchester, the Process of Service indicates that Arnold, as agent for Steelman, was

22  personally served with a copy of the Nation's Summons and Complaint on January 4,

23  2007–the day before he first received the Transmittal from Steelman's statutory agent and

24  the day before he first became aware that the statutory agent had been served. Such

25  evidence confirms that a genuine issue of material fact exists as to when Arnold first

26  received and first became aware of the Nation's complaint.

3

1    For purposes of managing its docket, the court will vacate the September 28, 2009,

2    Order in its entirety, and will issue, contemporaneous to this order, a new order resolving

3    Westchester's Motion to Dismiss (#6) and Steelman's Motion for Partial Summary

4    Judgment (#21).

5        Therefore, for good cause shown,

6        THE COURT **ORDERS** that Westchester Surplus Lines Insurance Company's

7    Motion to Vacate, Set Aside and/or Reconsider the Order Granting Plaintiff's Motion for

8    Partial Summary Judgment (#49) is GRANTED; The Court's September 28, 2009, Order

9    Granting Plaintiff's Motion for Partial Summary Judgment is VACATED.

10        THE COURT FURTHER **ORDERS** that the Clerk of the Court shall STRIKE the

11    September 28, 2009, Order.

12        THE COURT FURTHER **ORDERS** that Westchester Surplus Lines Insurance

13    Company's Motion for Reconsideration of September 28, 2009 Order (Doc. 26) Granting

14    Partial Summary Judgment in Favor of Plaintiff (#27) is DENIED as moot.

15        THE COURT FURTHER **ORDERS** that Paul Steelman's Motion for Partial Summary

16    Judgment (#54), which relies on the vacated September 28, 2009, Order, is DENIED

17    without prejudice.

18

19   DATED this ___ day of May, 2010.

20

21                                        _____
                                          Lloyd D. George
22                                        United States District Judge

23

24

25

26

4